Curia per
Colcock,J.
In this case the Court indulged the learned Counsel in the re-argument of some of the points which had been determined on this very will, and in relation to the same subject; that is, to four of the negroes the issue of Lucy, the title to which was precisely the same as that of the slaves in the former suit. But as we have not been induced to change our opinion as formerly expressed, it would be a work of supererogation to go into any further or other reasoning than that which is contained in that opinion; we still think that a life estate only was given, and that the reversionary interest after the determination of the life estate did not pass by the residuary clause, and we also think that the Statute of limitations must operate.
But a new point was made which demands some attention. It is contended that although the property is given for life, that yet as it was a gift of personal property, it was an absolute gift or must so legally operate. This is a doctrine which I take it is now as well settled as any which has come before us at this sitting, at least it is so as it regards negroes, which are the subject of the present dispute — that they may be limited over after the determination of a life estate has been decided a thousand times. And if so, it follows as a matter of course that a *428 reversionary interest may be created, or exist. Uncu admit the doctrine of creating different estates in a chattel and it follows as the shadow follows the substance that there must be in some cases and under some circumstance c a reverter to the representative of the donor. If you admit the idea that a gift for life of a chattel is good to support a remainder, why not to support a reversion ? And there is scarcely a book which treats upon the subject, which does not shew that the old distinction in this respect is done away with in the gradual progress of this doctrine. A distinction was first made between the use of the thing and the thing itself. ' But this- distinction was soon found to be too etherial for the practical purposes of life, and as personal property became more valuable and a description of it introduced among us more durable and continuing in its nature,it was at length abolished, andnow it is clear that, at least as regards chattels, which are durable in their nature, any such contingent interest may be created which can be in real estate. And notwithstanding the strong language of the counsel to the contrary, this is supported by even the English authorites. What is a term of years but a chattel ? To be sure technically called a chattel real, a chattel durable in its nature. Now as to these Mr. Fearne expressly says, that when granted for life they may on the death of the tenant for life revert to the representatives of the donor. See pages 486 — 488, where he puts the case thus: Where A. possessed of a term for 99 years, devised it to B. for life, and then to C. for life, and so on to five others successively for life.— Aiter the death of all, upon the question, who should have the residue of the term, it was adjudged to revert to the executors of the testator. The motion is dismissed.

New trial refused.